MARDER, LUSE & CO.

*v.*

WILLIAM C. LEARY.

*Filed at Ottawa March 30, 1891.*

1. ERROR WILL NOT ALWAYS REVERSE—*admission of evidence.* On the trial of an action for a personal injury received from a fall down an elevator shaft while the door was left open and unlighted, the court allowed the plaintiff to prove that the morning after the injury a bar was placed by the defendant across the door of the elevator. There was no pretense that such a bar had been used before: *Held,* that if it was error to admit the evidence, it was one that did the defendant no injury, and was therefore harmless error.

2. PRACTICE—*opening statements—not supported by evidence.* In an action to recover for an injury from a fall in an elevator shaft, plaintiff's counsel, in his opening statement, said he expected to prove that there had been at least one death before in the elevator shaft, but the court excluded the evidence of former accidents and injuries, when offered: *Held,* that the remarks of plaintiff's counsel were not such error as to call for a reversal.

3. SAME—*closing argument.* In the same case, plaintiff's counsel, in his closing address to the jury, in reply to statements of defendant's counsel as to what he might have proved if allowed by the court, said: "And I can state in the same way, that if certain questions that I asked as to previous injuries that had happened in this elevator shaft had been answered, you might have had something you could believe, at least :" *Held,* that such remark could not have seriously prejudiced the case, and was not reversible error.

4. SAME—*improper remarks of counsel—objections—how taken.* To certain remarks of plaintiff's counsel as to what he could have proved if objections had not been sustained to his questions, the defendant's

| 137 | 319 |
| 41a | 316 |
| 137 | 319 |
| 165 | 305 |
| 165 | 478 |
| 165 | 496 |
| 166 | 445 |
| 167 | 621 |
| 137 | 319 |
| 70a | 670 |
| 137 | 319 |
| 169 | 19 |
| 171 | 441 |
| 137 | 319 |
| 79a | 58 |
| 137 | 319 |
| 82a | 521 |
| 137 | 319 |
| 183 | 295 |
| 137 | 319 |
| 192 | 4376 |
| 137 | 319 |
| 110a | 4 15 |

counsel said, "I except to that statement:" *Held*, that the latter remark meant nothing, in a legal sense, as the court had made no ruling to which an exception could apply, and if intended as an objection it was ineffectual, because not pressed upon the attention of the judge.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

Messrs. FLOWER, SMITH & MUSGRAVE, for the appellants:

As to the admission of evidence of a change in the elevator after the accident, by making further guards against danger, see *Chicago* v. *Dalle*, 115 Ill. 386; *Hodges* v. *Percival*, 132 id. 53.

That in a proper case a judgment should be reversed because of the improper remarks of counsel unduly prejudicial to the defeated party, has been held in the following cases, among others: *Henry* v. *Railroad Co.* 121 Ill. 264; *Earll* v. *People*, 99 id. 123; *Brown* v. *Swineford*, 44 Wis. 290.

The court permitted the plaintiff to·prove, over the objection and exception of appellants, that immediately after the accident the appellants erected further and additional protection to the elevator shaft in question, by placing a cross-bar in the partition of the elevator shaft in addition to the door, which had at the time of the accident been the only protection, —that is to say, the court allowed the plaintiff to show, as evidence of prior negligence, the fact that subsequent to the' accident the defendants had erected additional safeguards and barriers. This evidence was most efficiently used by counsel, as shown in part by the extracts from his speech included in the abstract, and is, as we believe, clearly erroneous. 2 Shearman & Redfield on Negligence, sec. 382; *Hudson* v. *Railway. Co.* 59 Iowa, 584; *Morse* v. *Railway Co.* 30 Minn. 468; *Timpson* v. *Railway Co.* 1 N. Y. Supp. 673; *Village of Warren* v. *Wright*, 103 Ill. 298; *Hodges* v. *Percival*, 132 id. 53.

Messrs. BLACK & FITZGERALD, and Mr. A. B. CHILCOAT, for the appellee:

As to the duty of appellants to keep a proper cross-bar in place when the door of the elevator was left open, see 1 Thompson on Negligence, 283; *Murray* v. *McLean,* 57 Ill. 378; *Hayward* v. *Merrill,* 94 id. 349; *Kent* v. *Todd,* 144 Mass. 478.

If the evidence of subsequent precautions was improper, it was harmless error. *Gregory* v. *Railroad Co.* 58 Ill. 272; *Railroad Co.* v. *Russell,* 91 id. 298; *Joliet* v. *Western,* 22 Bradw. 225; *City* v. *Dalle,* 115 Ill. 386; *Hodges* v. *Percival,* 132 id. 53; *Village of Warren* v. *Wright,* 103 id. 298.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

Two grounds are insisted upon, in the printed arguments before us, for a reversal of the judgments below: First, that the argument of appellee's counsel, both in the opening and closing addresses, was prejudicial to appellants; and second, that the trial court allowed appellee, over appellants' objection, to show that after the injury complained of was received, alterations had been made in the protection to the elevator well, by putting up a bar in addition to the existing door across the entrance.    They will be considered in the order stated.

*First*—The action is for negligence in failing to keep an elevator well sufficiently lighted or guarded, whereby appellee fell into it, and received serious and permanent injuries.

Counsel for appellee, in making the opening statement of his case to the jury, before the introduction of evidence, said: "Now, there is another thing, gentlemen, which I think we will be permitted to show you.    I think we will be permitted by his Honor to show you that this was not the first accident in that elevator shaft, by any means.    I think we will be permitted to show, that in the history of this building, and before the happening of this accident, there had been at least one death down that elevator shaft.    I expect we will be permitted

to show that there had been at least one death down that elevator shaft before the happening of this accident." Afterward, during the progress of the trial, appellee, by his counsel, introduced Frank Beck as a witness, and then made the following offer: "I will offer by this witness, then, to prove, that upon two or more occasions prior to the happening of this injury, and one of them after the first of January, 1888, persons had fallen down this elevator shaft; that this fact was known to the occupants, and that no steps were taken by them to increase the security of the shaft until after the injury to Mr. Leary." Counsel for appellants objected to the admitting of this evidence, and the court sustained the objection.

The purpose of the opening statements is to apprise the jury of the grounds relied upon to, respectively, maintain and defeat the action. It is to be presumed that the jurors possess ordinary intelligence, and that, therefore, when counsel contend for a position which the court overrules, they will be unaffected by that contention. So, here, when appellee offered evidence to sustain his contention, as expressed in his opening statement, and the court sustained appellants' objection to it, it is to be presumed that the jury gave it no further consideration. To go further would seem to lead to the absurd result of making every inaccurate contention of counsel a ground of reversal, although it be immediately followed by correct ruling of the court holding it untenable.

Again, the record shows the following in the closing argument in behalf of appellee: "Mr. Smith stated that from this boy and Mr. Abbott might have been gotten something that would have carried conviction to your minds, if the court had allowed the question to be asked as to what the boy said; and I can state in the same way, that if certain questions that I asked as to previous injuries that had happened in this elevator shaft had been answered, you might have had something you could believe, at least." Mr. Smith said: "I except to that statement."

The remark, "I except to that statement," meant nothing, in a legal sense, in the connection in which it occurred. The court had made no ruling to which it was applicable; and if it was intended to be an objection, it was ineffectual, because it was not pressed upon the attention of the judge, and his ruling obtained thereon. (*Elgin, Joliet and Eastern Railroad Co.* v. *Fletcher*, 128 Ill. 619.) But, in any view, we do not think this remark could have seriously prejudiced the case. It is in reply to what is clearly shown to have been a statement unsupported by any evidence, and is a statement of the same character. It is distinctly stated that the court refused to admit the evidence, and it is not insisted that it shall nevertheless be considered by the jury, but only that it is an offset to an unsupported contention of the opposite counsel. No intelligent juryman could have been misled or influenced by it.

*Second*—Evidence was admitted, over appellants' objection, showing that, on the morning after appellee was injured, a bar was put across the north door of the elevator, and the effect of this, it is contended, was to materially prejudice appellants before the jury. It may be conceded this was error, yet if it did not work appellants any serious injury it is no ground for reversal. *Hodges* v. *Percival*, 132 Ill. 53.

There is no controversy as to these facts, namely: that appellee fell from the second floor to the basement floor of appellants' building, down the elevator well or shaft in that building, and was thereby greatly injured in his body; that appellee was, at the time of so falling, lawfully on the second floor of appellants' building, engaged in doing work for appellants as a plumber and steam-fitter; that then and every day, for a long time before, the shutter of the north door of the elevator, through which appellee entered and fell into the well or shaft, was swung back and kept open, and that there was no cross-bar across that door, or other prevention to a person entering the well or shaft through it. Appellee contends, and so testified, that he was moving along a partition extending

from the elevator well or shaft, endeavoring to find a door through such partition, and that it was so dark that he could not see the elevator well or shaft, and that he was not informed of its location, and so passed through the elevator door and fell down the shaft or well. Appellants contend that appellee was informed of the location of the elevator, and that it was sufficiently lighted to be readily seen by one moving as appellee was, and that he was injured solely because of his failure to observe due care for his own safety.

The effect of the evidence showing that a cross-bar was placed across the door on the morning after the injury is only to admit that there was none there before, and that it is necessary to prevent a repetition of like casualties as that which is the subject of this litigation. But no one contends that there was a cross-bar there before, and it needs no proof that if a cross-bar is placed across the door it will prevent persons walking into the well or shaft, as appellee did. The evidence therefore proves nothing that was not satisfactorily established without it. It does not tend to authorize the implication that the well or shaft was not lighted, or that it was not plainly visible, or that appellee used due care for his own safety in moving about in its vicinity. It may be, indeed, if, after appellee was injured, instead of putting a bar across the door appellants had placed a light at the door, or in some position in the hall so as to more clearly disclose the location of the elevator, evidence of this might have been construed as an implied admission of the want of sufficient light to disclose the location of the elevator, before; but that which the placing of the bar across the door implies, is, as has been seen, not here in controversy.

We are therefore of opinion that the error in admitting this evidence does not require a reversal of the judgment. It is therefore affirmed.

*Judgment affirmed.*