THE WEST CHICAGO STREET RAILROAD COMPANY *et al.*

*v.*

EZRA F. ANNIS.

*Filed at Ottawa November 9, 1896—Rehearing denied March 9, 1897.*

1. TRIAL—*statements are ineffectual as objections unless ruled upon by court.* The statement "I desire the record to show that I object to these remarks," addressed by an attorney to the court with reference to remarks of opposing counsel, is ineffectual as an objection unless pressed upon the attention of the court and its ruling obtained thereon.

2. SAME—*improper remarks of attorneys before the jury—new trial.* Where the attempts of a trial court to restrain the efforts of an attorney to obtain a verdict by making remarks outside the evidence, calculated to prejudice the jury, are ineffectual, the fruits of such unprofessional conduct should be taken away by granting a new trial.

3. APPEALS AND ERRORS—*granting new trial for improper remarks to jury is within trial court's discretion.* Whether a new trial should be granted because of improper remarks claimed to have prejudiced the jury, rests in the sound discretion of the trial court, and in the absence of abuse thereof courts of review will not interfere.

*West Chicago Street Ry. Co.* v. *Annis,* 62 Ill. App. 180, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.

This is an action on the case by appellee, against appellants, to recover damages for personal injuries alleged to have been caused by the joint negligence of their employees. The declaration consists of two counts, the first charging that while the plaintiff was walking on Clark street, in the city of Chicago, at the crossing of Randolph street, a horse car operated by the West Chicago Street Railroad Company, going east on one track, and a cable car operated by the North Chicago Street Railroad Company, going west on another track, were so negligently operated by those in charge of said cars, that plaintiff was caught and crushed between them. The second count alleges the negligent construction of the tracks of said companies by placing them in such close proximity to and parallel with each other as that it became and was dangerous and unsafe to operate and run cars upon and over the same, and especially so when cars were operated and hauled upon and over them in opposite directions; that the said companies, in operating the said cars upon their tracks moving in opposite directions, so negligently ran the same that plaintiff, exercising due care in crossing Randolph street, was caught between such cars and thereby crushed, etc.

It appears from the evidence that on May 11, 1892, appellee was going north on Clark street, and in attempting to cross Randolph street, there being a number of trucks and other obstructions on the street, he stepped in the rear of one of the trucks upon the cable track, in front of a grip car moving west, but just as he did so the gripman, and perhaps a policeman also, gave the alarm, and he jumped back out of the way of the grip, and as he did so was passed by the horses attached to the horse car, going east, thus being caught between the two cars moving in opposite directions, and thereby, as he claims, injured. The cars on either track were what are called box-cars, and the tracks were so constructed that these cars, when passing each other, were but about ten inches

apart.    The grip car was moving at the usual rate of speed and the horses to the other car were going in a trot.    There was a considerable amount of confusion at the crossing occasioned by the traffic upon the streets, and more or less difficulty to foot passengers in crossing. A fuller statement of the facts will be found in the case reported in 62 Ill. App. 180, but the foregoing will suffice for the purposes of this opinion.

On the trial in the circuit court plaintiff recovered a judgment against the defendants jointly, for $15,000 and costs of suit, which has been affirmed by the Appellate Court.

EGBERT JAMIESON, and JOHN A. ROSE, for appellants.

C. E. CRUIKSHANK, and FRED H. ATWOOD, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A considerable part of the argument of counsel for appellants is devoted to an effort to show that the evidence failed to prove due care by the plaintiff and negligence on the part of the defendants, and that the damages are excessive.    It would be a waste of time to show that we have no jurisdiction to review either of these questions.    Counsel admit that these and all other controverted questions of fact have been conclusively settled against the appellants by the judgment of the Appellate Court, and the only reason given for the discussion in this court is, that it tends to strengthen the position that the verdict was the result of prejudice, produced in the minds of the jury by improper remarks of one of plaintiff's attorneys.    These remarks, and objections thereto made at the time, are stated at length in the opinion of the Appellate Court, *supra*, and need not be repeated here.    Some of them were clearly improper, and we fully concur in all that is said in condemnation of attempts on the part of attorneys to obtain verdicts by inflaming the passions or

appealing to the prejudices of the jury. The question here, however, is, can it be said the trial court committed reversible error in any of its rulings on that branch of the case? To one of the statements counsel for defendants objected, and the objection was sustained, the court directing the jury to disregard it, and another of plaintiff's attorneys announcing that the remarks were withdrawn. At another time counsel for defendants said: "If the court please, I desire the record to show that I object to these remarks," but no ruling of the court was asked or made on that or any other objection than as above stated. In *Marder, Luse & Co.* v. *Leary*, 137 Ill. 319, to a remark of an attorney to the jury the opposing counsel said, "I except to that statement," and it was held that the exception meant nothing in a legal sense, it being said: "The court had made no ruling to which it was applicable, and if it was intended to be an objection, it was ineffectual because it was not pressed upon the attention of the judge and his ruling obtained thereon." To the same effect is *North Chicago Street Railway Co.* v. *Cotton*, 140 Ill. 486, and *Pike* v. *City of Chicago*, 155 id. 656.

No more delicate question for decision can arise than the propriety of the conduct of counsel in the trial of cases, and it is gratifying to know that the sense of professional propriety is generally such that courts seldom need interfere. When, however, the necessity arises, trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means, and making remarks outside of the evidence calculated only to arouse the prejudice and passions of the jury; and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial. It is, however, as held in the *Cotton case, supra*, a matter resting in the sound discretion of the trial judge to say when, under all the circumstances of the case, and in view of the counter remarks which may be made and

the temper and character of the jury, whether a new trial should be granted or not, and unless it satisfactorily appears from the record that the trial court has abused its discretion in this regard courts of review cannot interfere.   Applying this rule to the facts of this case we can not say that the trial court committed error in refusing to grant a new trial because of the misconduct of plaintiff's counsel, and especially as the question is not presented so as to be reviewed here, under the authorities above cited.

The only other ground of reversal urged is the refusal of the trial court to admit in evidence an ordinance authorizing the laying of the tracks of the defendants.   We are unable to see in what way that ordinance became material or competent as evidence in the case. If, as a matter of fact, it was negligence for the defendants to lay their tracks in the manner authorized, the authority of the city to do so would be no justification in an action against them for such negligence.   Plaintiff's case, however, is not based upon the negligent act of laying the tracks of the defendants.   According to the declaration the injury resulted from the negligent manner in which the cars were operated over the tracks,—that is to say, the approximate cause of the injury was the negligent running of the cars in view of the crowded condition of the street and other surrounding circumstances.   The ordinance, therefore, was wholly foreign to the issue and was properly excluded.

This disposes of all the questions presented by the argument of counsel, and, as we have seen, no reversible error has been shown.   The judgment of the Appellate Court will be affirmed.         *Judgment affirmed.*