The North Chicago Street Railroad Company

*v.*

Mary A. Southwick.

*Filed at Ottawa January 19, 1897—Rehearing denied March 12, 1897.*

1. Evidence—*when not error to exclude evidence tending to impeach witness.* It is not error to refuse to allow a witness to testify to alleged admissions of a party to a suit for the purpose of impeachment, where it does not appear that the denial was made in the manner indicated by the questions propounded or where the matters referred to are not material.

2. Appeals and Errors—*objections not available on appeal unless ruled upon below.* That an attorney made improper remarks to the jury in his argument cannot be assigned as error on appeal, unless the remarks are objected to specifically when made, the objections ruled upon and exceptions preserved to adverse rulings.

3. Practice—*noting exception avails nothing unless objection is made and ruled upon.* Neither the remarks, "I take exception to that statement," "Exception," etc., made by attorneys at trial, nor the remarks, "Let exception be noted," or "Note the exception," made by the court, are sufficient to show any error in the record on appeal, unless objections have been previously made and ruled upon adversely.

*North Chicago Street Ry. Co.* v. *Southwick,* 66 Ill. App. 241, affirmed.

Appeal from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. R. S. Tuthill, Judge, presiding.

Egbert Jamieson, and John A. Rose, for appellant.

Schuyler & Kremer, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Cook county, in favor of appellee, against appellant, for the sum of $3000, for a personal injury alleged to have been received, while a passenger, from the negligence of the

servants on one of its street car lines. The theory of
plaintiff's case, set up in the various counts of her dec-
laration, is, that the car from which she was attempting
to alight was suddenly jerked or started, throwing her
to the ground, causing her injury. The principal contro-
versy upon the trial was whether or not the car was sud-
denly jerked as alleged, and on that question numerous
witnesses were examined by the respective parties.

It is contended by appellant that the verdict of the
jury is contrary to the clear preponderance of the testi-
mony, and some argument is adduced in support of that
contention, seemingly ignoring the fact that this court is
not at liberty to review the action of the Appellate Court
in that regard.

It is insisted that the court erred in refusing to allow
a witness named Aldrich to answer certain questions in-
tended to impeach a witness for the plaintiff, John South-
wick, her father. The object of the questions was to
show that Southwick had made statements to Aldrich,
which the former denied having made. It does not appear
that Southwick did deny having made the statements to
Aldrich in the manner indicated, by the questions pro-
pounded to him. Moreover, the questions were not as to
facts material to the case. We think there was no error
in refusing the proposed evidence.

The error most relied upon for a reversal of the judg-
ment below is, that the court permitted counsel for the
plaintiff to make improper remarks to the jury. We have
examined that part of the record, and are of the opinion
that, as said by the Appellate Court, while counsel did
not confine his remarks to the proper limit of the facts
of the case, no such objections, rulings of the court and
exceptions were preserved as entitles the appellant to
have that question ruled upon here. All that is shown
is, that during the speech of counsel for the plaintiff to
the jury one of the attorneys for the defendant repeat-
edly said, "I take exception to that statement," "Excep-

tion to that statement," and "Exception," etc., and to perhaps three of such remarks the court said, "Let the exception be noted," or "Note the exception." These remarks, ·both by counsel and the court, amounted to nothing as showing error in the record. The court made no ruling upon any objection to the statements of counsel. *Marder, Luse & Co.* v. *Leary,* 137 Ill. 319.

No reversible errors of law appearing in this record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*