THE NORTH CHICAGO STREET RAILROAD COMPANY

*v.*

MARY GILLOW.

*Filed at Ottawa May 11, 1897.*

1. EVIDENCE—*plaintiff in personal injury case may testify as to her physical condition before injury.* A plaintiff in a personal injury case, in describing the injuries received and the effect which they produced upon her body and her physical strength, may testify as to her physical condition before and after the injury.

2. TRIAL—*statements of counsel are ineffectual as objections unless ruled upon by the court.* Statements of counsel during trial, to the effect that he excepts to the argument of opposing counsel, are ineffectual as exceptions unless an objection is pressed upon the attention of the court and its ruling obtained thereon, and exception is then taken to such ruling.

*North Chicago Street Railroad Co.* v. *Gillow,* 64 Ill. App. 516, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

EGBERT JAMIESON, JOHN A. ROSE, and D. W. MUNN, for appellant.

JOHN F. WATERS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee brought her suit against appellant in the Superior Court of Cook county, alleging that she had received an injury to her spine, and other injuries to her person, by reason of the negligence of appellant in starting its car upon which she was a passenger, while she was in the act of alighting therefrom, which caused her to fall, producing the injuries complained of. The trial court set aside the first verdict, which was for $3750, and granted a new trial. On the second trial the jury again found the defendant guilty, and assessed the damages at $3533. The court required the plaintiff to remit down to

$3000, which being done, judgment was rendered for that amount.

Much the greater part of counsel's argument has been devoted to questions which were finally settled by the Appellate Court, and need not therefore be further referred to. But it is contended that error was committed in allowing the plaintiff, when testifying in her own behalf, to compare her physical condition at the time of the trial with what it was before the injury. She was describing the injuries which she had received, and the effect they had produced upon her body and her physical strength, and we see no impropriety in this testimony.

The next complaint is, that counsel for the plaintiff made improper remarks in the presence of the jury,— that is to say, in a discussion before the court, during the trial, as to what plaintiff had testified to on the former trial, counsel for the plaintiff said: "They tried to give the jury the impression that she testified before that she stepped down with her left foot, when, in fact, she testified she stepped down with her right. I want to show how they try to impose on this court and jury." To which remarks of counsel, as the record shows, the defendant, by its counsel, then and there excepted. Inasmuch as counsel neither asked for nor obtained any ruling of the court in any form, nor excepted to any such ruling, we are not called upon to determine what effect the remarks in question should have upon the judgment. As said in *Marder, Luse & Co.* v. *Leary*, 137 Ill. 319, an exception to the statement of counsel meant nothing; "the court had made no ruling to which it was applicable, and if it was intended to be an objection, it was ineffectual because it was not pressed upon the attention of the judge and his ruling obtained thereon."

It is not contended that there was any error committed in the giving or refusing of instructions to the jury.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*