# Jerome B. Tole, Appellant, v. Edward Tole, Appellee.

## Gen. No. 5,123.

1. LANDLORD AND TENANT—*what tenancy from year to year.* If the original letting was for a year, a hold-over continuing for a period of one year and four months establishes, as a matter of law, that a tenancy from year to year exists.

2. LANDLORD AND TENANT—*when 60 days' notice essential to terminate tenancy.* Where a tenancy from year to year arises, its

termination by the landlord must be by a sixty days' notice as required by statute.

3. LANDLORD AND TENANT—*when notice to terminate tenancy not essential.* A landlord need not serve a notice to terminate a tenancy before commencing forcible entry and detainer if the tenant has repudiated the tenancy and asserted title in himself.

4. TRIAL—*when conduct of counsel ground for reversal.* If an improper statement is made by counsel and improper questions asked by him and rulings of the court disregarded, all for the purpose of casting an imputation of unlawful conduct against one of the parties, such unlawful conduct not being a question material to the issue, such harm is done as requires the setting aside of the verdict obtained by such means.

Forcible detainer. Appeal from the County Court of La Salle county; the Hon. W. H. HINEBAUGH, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 10, 1909.

McDOUGALL & CHAPMAN and DUNCAN, DOYLE & O'CONOR, for appellant.

BROWNE & WILEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was an action in forcible detainer brought on July 6, 1907, by appellant, Jerome B. Tole, against appellee, Edward Tole, his son, before a justice of the peace of La Salle county under clause 4 of section 2, chapter 57, Hurd's R. S. 1905, to recover possession of two tracts of land, one containing three acres, of which appellee had been in possession over two years and four months, and the other four acres, of which he had been in possession about two years and four months, and had paid no rent for either. On the trial, appellant obtained a judgment to the effect that he was entitled to the possession of the premises in controversy. On an appeal to the County Court of said county, appellee obtained a verdict and judgment to the effect that he was not guilty of wrongfully withholding the possession of the premises, and plaintiff below prosecutes this appeal.

Appellant's testimony was to the effect that he made a verbal agreement by which he was to lease to appellee the three acre tract on which were situated the buildings, from March 1, 1905, to March 1, 1906, at a rental of $40 and that in February, 1905, he rented to appellee the four acre tract for the year at $4 per acre; and that on March 1, 1906, he had a conversation with appellee in which he stated to appellee, that if he wished to stay another year, he would have to enter into a written contract. This, appellee refused to do, and appellant told him to get off the premises.

Appellee's proof tended to show that in February, 1905, he went to appellant and asked to be permitted to move on the three-acre tract, and appellant told appellee he would have to see another party before he could give him an answer. Appellee had one other conversation with appellant in which appellant told him he had not decided whether he could have it or not. Appellee afterwards called up appellant's house by telephone when he was absent and had a conversation with appellant's wife, in consequence of which he moved onto the three-acre tract on March 1, 1905. A few days later appellee asked appellant if he could also occupy the four-acre tract and appellant told him he would have to see another party, and afterwards told him he could take it; and that after he took possession of the four acres, appellant told him it would be $4 per acre and that he said "All right". Two witnesses testified that appellant told them that the lease for the four acres was indefinite as to time. Appellant denied making such statement.

Appellee contends that appellant has not made a case because the evidence shows that the tenancy was either from year to year or at will, and that if the tenancy was originally for one year, yet by permitting the holding over another year and four months on the third year, it was turned into a tenancy from year to year, and the tenant was entitled to written notice to terminate the tenancy at least sixty days before the

end of the year, and that such notice not having been proven, the landlord was not entitled to recover possession; and also, if, as to both tracts, or as to the four-acre tract, it was only a tenancy at will, then he was entitled to a written demand for possession before suit was brought, and as no such demand was proven, appellant was not entitled to recover. To these contentions, appellant replies: First, that the admission made by counsel for appellee in his opening statement to the jury that a demand had been made for possession, made it unnecessary to introduce any proof of the service of demand for possession or notice of the landlord's election to terminate the tenancy. Appellee's counsel did state to the jury that appellant made demand for possession of the premises before starting the suit, but he did not admit that the demand was in writing or that it was made sixty days before the end of the year, and we conclude that it was not a sufficient admission to supply the necessary proof. Second, that this was a leasing from year to year only, and no notice or demand for possession was necessary, but counsel argues that when the tenant stayed in after the end of the first year, it was for the landlord alone to determine whether the tenant should be treated as a trespasser or as a tenant for another year and that as the landlord never had any further arrangement with him, or told him he could stay longer, he remained a trespasser during the next year and four months and was not entitled to any demand or notice. We think this position of appellant untenable. That might be true if only a few days had elapsed after the expiration of the term, but when he permitted the tenant to crop the land and remain another year, it became a tenancy from year to year, and a sixty days' notice of the landlord's election to terminate the tenancy would have been required by chapter 80, section 5, Hurd's R. S. 1905, had appellee not repudiated the tenancy and asserted title in himself and sister. Ap-

pellee testified that he told appellant that he did not consider that he owed him a dollar, but that he considered that appellant owed him and his sister, or owed him rent for eighty acres of which these two tracts formed a part, for the last thirty years. As appellee disputed appellant's title, repudiated the tenancy and asserted title in himself and sister, he was not entitled to any notice before a suit in forcible detainer could be brought.

In Doty v. Burdick, 83 Ill. 473, a forcible detainer suit, it is said: "Where the tenant denies the landlord's title and resists his right, he thereby forfeits his lease, and the landlord may sue for, and recover possession. He, by claiming the premises adversely for himself or another, thereby renders his possession tortious." In McGinnis v. Fernandes, 126 Ill. 228, a suit in ejectment, it is said: "The rule is, that where a defendant in ejectment repudiates his tenancy, and claims a title in fee, he dispenses with the necessity of a notice to quit."

Appellee's counsel, in his opening statement to the jury, said, in spite of the court's ruling that it was improper and immaterial, that appellant was not, in fact, the lawful owner of an eighty acre farm of which the two tracts involved were a part, but that appellee expected to prove that it had been conveyed by the maternal grandfather of appellee in trust for the mother of appellee, and the heirs of her body, and that the contents of that deed he was unable to state because it was either in the possession of appellant or had been destroyed; and that the mother of appellee died in 1875, and that he expected to show that under the deed the title to the property involved came absolutely to appellee and his sister; and that appellant, by some means, got possession of the property when appellee and his sister were young children and knew nothing about it; and that appellee and his sister, with another child, a half brother, were the lawful owners of the property. Appellee's counsel, on the

cross-examination of appellant, asked nine questions, the purport of which was to establish the statement that the title to the premises was in appellee and his sister and half brother, to all of which objections were properly sustained. After objections had been sustained to a number of these questions, the court said to counsel for appellee, that if he desired to make a record on a proposition where court and counsel differed in view, he might make the offer in the absence of the jury, to which counsel replied that he had no offer to make, and then renewed a question involving the subject already ruled improper by the court. It is obvious that the object of the improper statement and questions was to picture appellant to the jury as a man who had cheated his children out of their farm, and thereby obtain a verdict regardless of the real merits of the case. Against this imputation, appellant could not take the stand and rebut the impression such conduct may have made upon the jury, because the subject was entirely foreign to the issue being tried.

The rulings of the trial court, disregarded by counsel, were correct and should have been enforced. In West Chicago St. R. R. Co. v. Annis, 165 Ill. 475, the court said: ''Trial courts should not hesitate to use their authority to restrain all efforts of attorneys to obtain verdicts by using unfair means, * * * and whenever such restraining influences do not effect the purpose, the fruits of such unprofessional conduct ought to be taken away by granting a new trial.'' ''It is the duty of the court * * * to compel obedience to rulings and decisions.'' Lipsey v. The People, 227 Ill. 364.

This being a suit for possession only, the title to the premises was not involved. Appellee had received possession from appellant. If his tenancy had expired, then appellant was entitled to recover possession irrespective of whether he was the real owner or whether appellee and his sister and half brother were

the owners.   If appellee repudiated the tenancy, appellant had a right to regain possession in this suit.

A verdict obtained as was the verdict in this case should not have received the sanction of the trial judge and cannot be permitted to stand.

The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*