## City of Chicago, Defendant in Error, v. John G. Craig, Plaintiff in Error.

## Gen. No. 16,411.

1. HEALTH—*city may provide manner in which notice of contagious diseases must be given.* It is within the province of the legislative department of a city government to enact in what way notice that persons have a contagious or epidemic disease shall be given to the health department by attending physicians.

2. HEALTH—*when physician guilty in not reporting contagious disease.* A city penal ordinance requiring a physician attending a smallpox patient to make a report in writing to the commissioner of health within a certain time together with the character and state of the disease and a rule made by the commissioner of health, pursuant to ordinance, requiring a report at once to the department of health and by mail, are not complied with by a physician ineffectually calling up by telephone and then directing the patient to report to a health official, which he did.

3. APPEALS AND ERRORS—*ruling must be had on improper remarks of counsel.* Alleged improper remarks of counsel in argument to a jury will not be considered on appeal where counsel "excepted" to the remarks but did not object to them or ask or obtain a ruling as to whether they were proper or not.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Affirmed. Opinion filed August 12, 1912.

F. H. TRUDE and J. K. MCMAHON, for plaintiff in error.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

MR. JUSTICE GRAVES delivered the opinion of the court.

On December 22, 1909, there were in force in the City of Chicago, sections 1072, 1077, 1078, 1035 and 1036 of the revised ordinances of the City of Chicago of 1905, which are as follows:

"Section 1072. Physicians to Report. Every physician who shall prescribe for or attend any person

having a contagious or epidemic disease, such as cholera, yellow fever, scarlet fever, diphtheria, typhus, typhoid fever, smallpox, varioloid, puerperal fever, membranous croup, measles, whooping cough, or any of the grades of such diseases, or any other disease designated as contagious or epidemic by the commissioner of health, shall, within twenty-four hours after first discovering the existence of such disease, make a report thereof in writing to the commissioner of health, which report shall give the name, if known, and the place of dwelling of the person having such disease, together with the character and state of his disease. For the purpose of covering the expense of making such report the physician making the same shall receive the sum of ten cents; provided all claims for fees for such reports shall be presented before the fifth day of the month succeeding that in which such reports were made."

"Section 1077. Removal of Person. No person shall, within the city, without a permit from the commissioner of health, carry or remove from one place to another any person sick of any contagious or epidemic disease. Nor shall any person by any exposure of any individual sick of any such disease, or of the body of such person, or by any negligent act connected therewith or in respect of the care or custody thereof, or by a needless exposure of himself, cause or contribute to or promote the spread of disease from any such person or from any dead body."

"Section 1078. Penalty. Any person who violates, neglects or refuses to comply with, or who resists any of the provisions of any section of this article, shall be fined not less than ten dollars nor more than two hundred dollars for each offense."

"Section 1035. Power to Make Rules and Regulations—Epidemics—Regulations Concerning. The commissioner of health shall have power to make such rules and regulations in relation to the sanitary condition of the city and for the prevention and suppression of disease, not inconsistent with the provisions of this chapter, as he may deem necessary or advisable. Such rules or regulations shall not take effect and be in force until approved by the city council, except

in cases of emergency as hereinafter provided for. In case of contagious or epidemic disease or of danger from anticipated or impending contagious or epidemic disease, or in case the sanitary condition of the city shall be of such a character as to warrant it, it shall be the duty of the commissioner of health to make such rules and regulations and to take such measures and to do and order to be done and cause to be done such acts for the preservation of the public health (though not herein or elsewhere or otherwise authorized) as he may in good faith believe and declare the public safety and health demand, and all such rules and regulations so declared by the commissioner of health to be emergency rules and regulations shall, as soon as may be after the promulgation of the same, be reported by the said commissioner to the city council for approval.''

''Section 1036. Penalty. Any person who shall violate, disobey or refuse to comply with any rule, order or sanitary regulation of the department of health made in conformity with the provisions of the preceding section, shall be fined not less than ten dollars nor more than two hundred dollars for each offense.''

Rules 1 and 4, duly adopted under the provisions of section 1035, above quoted, and in force December 22, 1909, are as follows:

''Rule 1. It shall be the duty of any physician attending any case of measles, whooping cough, diphtheria, scarlet fever, chickenpox, or smallpox, to at once report the same to the department of health by telephone and by mail, giving the data asked for on the reporting card furnished by the department for that purpose. The other infectious diseases designated on the physicians' reporting card must be reported by card.''

''Rule 4. It shall be the duty of the physician attending who suspects one of the above named diseases to report it as a suspicious case. Such cases will not be placarded or removed unless a warranting diagnosis is established. A corrected report of the case must be made by the attending physician as soon as the diagnosis is made.''

At that time plaintiff in error was a practicing physician having offices at the corner of Fifty-ninth and Halsted streets in that city. Shortly after 10 o'clock on the evening of that day one George Mitchell came to the offices of plaintiff in error for treatment, afflicted with what plaintiff in error then pronounced to be, and which in fact was, smallpox. Mitchell told plaintiff in error he was staying with a family at Sixty-seventh and Ada streets in the city. Plaintiff in error then attempted to call up by telephone the Health Department of the city and Dr. Herman Spaulding, the chief of the bureau of contagious diseases, but failed to get any response. He then directed Mitchell to go home and stay there until the next morning and then to report to Dr. Spaulding at No. 100 State street. Plaintiff in error then gave to Mitchell a card on which were the words:

"Office and Residence
John G. Craig, M. D.,
Phone Wentworth 451

H. Spaulding, No. 100 State street, introducing Mr. George Mitchell, Sixty-seventh and Ada streets."

Mitchell presented this card to Dr. Spaulding at 2 o'clock P. M. of the next day. There is no pretense that plaintiff in error ever mailed any notice or made any report of this case to any one or that he ever communicated the facts by telephone or otherwise to any one or that he in any way complied with or attempted to comply with the provisions of the ordinances and rules above quoted, except as above stated.

On the twenty-seventh day of December, 1909, this suit was instituted in the Municipal Court to recover of plaintiff in error a penalty for the violation of the ordinances and rules above quoted. Upon a trial a jury found that plaintiff in error had violated Sections 1072 and 1077 and Rules 1 and 4, above quoted, and a judgment of $25 and costs was entered against him on the verdict.

Plaintiff in error contends this judgment is erroneous for the reason that he "in effect complied with Section 1077 and Rule 1, in that after he diagnosed the case as smallpox he directed Mitchell to call at the office of Dr. Spaulding the next morning and gave him a card with the address of Dr. Spaulding," and that Mitchell presented himself and the card given him by plaintiff in error to Dr. Spaulding, and that on examination Dr. Spaulding found that Mitchell had the smallpox, and, quoting from brief of plaintiff in error: "Therefore, the health department by reason of the acts of Dr. Craig (plaintiff in error) became advised of Mitchell's condition less than sixteen hours after Dr. Craig had diagnosed the case." Section 1072 provides that physicians attending cases of smallpox shall report the same in writing to the commissioner of health within twenty-four hours after first discovering the existence of such disease, which report shall give the name, if known, and the place of dwelling of the person having such disease, *"together with the character and state of his disease."*

Rule 1 provides that such physician shall report such case *at once* "to the department of health by telephone *and by mail.*"

Whatever might be said as to whether the unsuccessful attempt made by plaintiff in error to notify the health department of this case by telephone was a part performance of the requirements of Rule 1, referred to, the record is barren of any evidence of even the slightest attempt on the part of plaintiff in error to comply with Section 1072, requiring a report in writing, *"giving the character and state of the disease,"* or with Rule 1, requiring a report *by mail to the Department of Health.* It is no answer to a charge of failure to comply with the provisions of the ordinance and rule to say that plaintiff in error sent Mitchell to the health department or that the health department became aware of the facts upon investigation after Mitchell presented himself in pursuance to the

directions of plaintiff in error, or that sending Mitch-
ell to the health department was just as effective a
way to notify the health department of the facts as
the way provided by ordinance and rule. It was clearly
within the province of the legislative department of
the city government to enact in what way notice of
such disease should be given to the health department,
and, having done so, it is the duty of all persons com-
ing within the provisions of such ordinance and rule
to obey them, and it will not do to allow individuals,
although members of the medical profession, to say
some other way is just as good.

That plaintiff in error undertook to substitute his
way of notifying the health department of this small-
pox case for the way provided by ordinance and rule,
and utterly failed to comply with the provisions of
the ordinance and rule in that regard, is clearly estab-
lished by the evidence.

Plaintiff in error complains of the action of the
court in giving and refusing of instructions. The ac-
tion of the court in this regard was in accord with
what has been said above with reference to the merits
of the case, and no good could result in reiterating it.
Suffice it to say, we think the court committed no
error in instructing the jury.

It is lastly insisted that certain remarks of counsel
for the city in his argument to the jury were so im-
proper as to call for a reversal of the case. Counsel
for plaintiff "excepted" to some of the remarks now
complained of at the time they were made, but he did
not object to them or ask or obtain a ruling by the
court as to whether they were proper or not. It has
long been the established law of this state that in or-
der to take advantage of the misconduct of counsel in
this regard, objections must be interposed, and a rul-
ing of the court obtained. City of Chicago v. Gem-
mill, 209 Ill. 638; Pike v. City of Chicago, 155 Ill.
656; I. C. R. R. Co. v. Cole, 165 Ill. 334; North Chi-

cago St. Ry. Co. v. Southwick, 165 Ill. 494; Murray v. Doud & Co., 167 Ill. 368.

This record presents nothing to be passed upon by this court with reference to the misconduct of counsel.

Finding no reversible error in this record, the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*