THOMAS WHITAKER, RECEIVER OF THE MILLVILLE MUTUAL MARINE AND FIRE INSURANCE COMPANY, DEFENDANT IN ERROR, v. EDWARD G. MILLER, PLAINTIFF IN ERROR.

Argued July 10, 1899—Decided November 20, 1899.

1. An exception to the direction of a verdict in the trial court cannot be supported on error, unless all the essentials of the case before the trial court are laid before the reviewing court.
2. The admission, at the trial, of evidence which is either legal or harmless, constitutes no ground for reversal of the judgment obtained.
3. A certified copy of a corporation's report of its financial condition is not legal evidence of the truth of its statements.

---

On error to the Supreme Court.

For the plaintiff in error, *David J. Pancoast.*

For the defendant in error, *Samuel H. Richards* and *Thomas E. French.*

The opinion of the court was delivered by

DIXON, J. The record of this case as presented to us is very defective. The action seems to have been brought to recover the amount due on two premium notes—one for $555, the other for $480—given by the defendant to the Millville Mutual Marine and Fire Insurance Company, for two policies of insurance. One of these notes and written evidence of the form of the other, which had been lost, were put in evidence at the trial, but they are not in the record before us. According to the seventh section of the company's charter (*Pamph. L.* 1859, *p.* 144) such notes were "to be paid at such times and in such a manner as the by-laws may determine. These by-laws of the company were also offered in evidence, but they do not appear in the record. Certain proceedings in the Court of Chancery, by which the plaintiff, who was the receiver of the company appointed by that court, insisted that the extent of the defendant's responsibility had been fixed, were likewise offered, but they are not disclosed to us. We are therefore unable to examine the general question whether those proofs justified the trial judge in directing a verdict for the plaintiff. In the present state of the record we must assume that he was thereby justified, for we cannot adjudge that his ruling was erroneous unless the basis of his ruling is in all its essentials laid before us. Among these essentials are indubitably the terms of the notes, the by-laws of the company and the proceedings in Chancery.

This necessarily disposes of the exception taken to the direction of the verdict. It likewise disposes of the exceptions to the refusal of the judge to charge the several propositions which the defendant requested him to charge, for, of course, if the evidence justified the direction of a verdict, no other charge could be required.

There are but two other exceptions in the record.

One is against the admission in evidence of the claims against the company, which were presented to the receiver or to the special master to whom the Chancellor had referred the accounting in the insolvency proceedings against the com-

pany. This evidence may have been legal. If we suppose that according to the by-laws these premium notes constituted a fund for the payment of corporate debts, then the presentation of claims to the receiver and master was a proper step in the ascertainment of the liabilities of the insolvent corporation. If the by-laws created no relation between these notes and the corporate debts, then these claims were, at the worst, merely irrelevant, and could not have prejudiced the defendant. In either aspect this exception is futile.

The other exception is to the refusal of the court to receive in evidence a certified copy of the company's last report of its financial condition, made January 1st, 1885. In offering it, counsel for the defendant stated that it was made evidence by the express terms of the statute. We know of no statute having such an effect, either with regard to the original report or to a certified copy. If counsel referred to section 10 of the company's charter, he claimed much more for it than its terms warrant. The offer was lawfully rejected.

We find no error in the record, and the judgment should be affirmed.

*For affirmance* — THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, DIXON, LIPPINCOTT, LUDLOW, COLLINS, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH. 12.

*For reversal* — None.