THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. WILLIAM A. REYNOLDS, PLAINTIFF IN ERROR.

Submitted July 6, 1900—Decided November 12, 1900.

1. An indictment for embezzlement which conforms to the exact requirements of the statute and charges the crime in the language of the statute, is good.
2. It is a crime, under our statute, to embezzle within this state, from either a resident or a non-resident individual or corporation. It is not necessary to allege in an indictment that the corporation whose property it is claimed has been embezzled is entitled to do business in this state, nor is it a defence to the indictment that the corporation has failed to file the certificate required by law to authorize it to do business in this state.

3. It is not necessary to allege in the indictment that a demand has been made for the money alleged to have been embezzled.

4. Nor is it necessary to allege in an indictment that the defendant took or converted the money to his own use with intent to defraud; if the indictment charges in the language of the statute that he "fraudulently converted the money to his own use," that is sufficient. "Fraudulently" and "with intent to defraud," are used interchangeably in our Crimes act and have the same meaning.

5. If a defendant can prove that the company did not exist and that the moneys that he had not paid over to it were the moneys of another, lawfully entitled to receive the same, and that he had duly accounted for them to the rightful owner thereof, that would be a defence—but that is a defence which he must prove.

6. Demand for a return of money may become material in some cases to establish fraudulent conversion but not in all. A demand is only one class of evidence for proving fraudulent conversion. The cases in which demand is unnecessary and those in which demand or other evidence of fraudulent intent to convert may be necessary, stated.

On error to the Monmouth Quarter Sessions.

Before DEPUE, CHIEF JUSTICE, and Justices GUMMERE, LUDLOW and FORT.

For the plaintiff in error, *Aaron E. Johnston.*

For the defendant in error, *John E. Foster,* prosecutor of the pleas.

The opinion of the court was delivered by

FORT, J. The first assignment of error in this case raises the question of the sufficiency of the indictment. The indictment is drawn under section 184 of the Crimes act. *Pamph. L.* 1898 (*Rev.*), *p.* 844.

It appears to conform to the exact requirement of the statute, and to charge the crime in the language of the statute. The numerous embezzlements alleged are all stated to have occurred within a period of six months and are hence within the strict letter of section 47 of the Criminal Procedure act. *Pamph. L.* 1898 (*Rev.*), *p.* 882.

Before the defendant pleaded to the indictment, a motion was made to quash, on five grounds. The first two were—

(1) Because the moneys were alleged to have been embezzled from a body corporate of the State of Rhode Island, and

(2) Because, such being the fact, there is no allegation in the indictment that said corporation had complied with the laws of this state to entitle it to do business in this state.

These objections are without substance. Our statute simply says that any person "entrusted with the care or collection of any money, who shall fraudulently take or convert the same or any part thereof to his own use or to the use of any other person or persons whatsoever, except the rightful owner thereof, shall be guilty of a misdemeanor." The fact that by our Corporation act foreign corporations are required to do certain things to be authorized to do business in this state, and are liable to a penalty if they do not do so, is of no consequence, as between the state and the defendant, in an indictment. The crime is against the state, not the owner of the property. Any person who embezzles the property of any other person is guilty under our statutes. A "person" includes a "corporation." *Crimes Act, Pamph. L.* 1898 *(Rev.), p.* 854, § 220; *Criminal Procedure Act, Pamph. L.* 1898 *(Rev.), p.* 929, § 178.

If it were necessary for the state to prove the fact which it is contended should be alleged in the indictment, still that would not affect the sufficiency of the indictment. It is a crime under our statutes to embezzle within this state from either a resident or a non-resident, individual or corporation.

On the trial of an indictment for the embezzlement of money coming into the possession of the defendant as the agent of a foreign corporation, the Supreme Court of Ohio has held that it is not a defence that the corporation had failed to file with the secretary of state the statement required by the revised statutes to authorize it to do business in that state. Their Corporation act and statute defining embezzlement are both very similar to our own. *State* v. *Pohlmeyer,* 52 *N. E. Rep.* 1027.

The third objection to the indictment, viz., that it was

necessary to allege in the indictment that a demand had been made for the money alleged to have been embezzled is also without force. Demand may become material in some cases to establish fraudulent conversion, but not in all, but it need not be averred in the indictment in any case.

Nor is it necessary to allege in the indictment, as the fourth objection contends, that the defendant did take or convert the money to his own use, with intent to defraud.

The statute does not state that the act must be done with intent to defraud, as was the case in the statute which was construed in *State* v. *Lyon,* 16 *Vroom* 272, which is relied upon to sustain this objection.

Where an act is made a crime by statute, and the statute does not make it an ingredient of the crime that the defendant shall have had a certain intent, no allegation that he had such intent is necessary in the indictment. This principle is stated very clearly by the Court of Errors and Appeals in *Halsted* v. *State,* 12 *Vroom* 552.

Under the statute upon which the indictment now questioned is founded, the crime consists in fraudulently taking or converting to the defendant's own use, and it is only necessary to allege in the indictment that he did so take or convert it. How a person can-fraudulently take or convert money of another person to his own use without having an intent to do so seems difficult to understand. The one involves the other in its mere statement. You can imagine a case where the intent to take money of another and convert it to your own use might not be fraudulent, but it would be difficult to imagine a case where the taking or converting was fraudulent where intent to defraud did not exist.

To frame an indictment, as the plaintiff in error contends, would require the pleader to allege that the defendant did "fraudulently convert money of the American Wringer Company to his own use, with intent to defraud." If there is any difference, legally, between fraudulently converting and converting with intent to defraud, it is not discernable; but the complete answer to this is that the crime is charged in the indictment in the language of the statute. A careful exam-

ination of the Crimes act, as revised in 1898, in so far as it relates to frauds and embezzlements, will show that the expressions, "fraudulent" and "with intent to defraud," are used interchangeably to define crime and have the same meaning. See sections 167 and 172 to 184, inclusive, on this point. *Pamph. L.* 1898, *pp.* 840, 841, 842.

The fifth reason alleged for quashing, which was because the indictment was illegal in form, is simply general, and has been already covered by the disposition made of the other questions. The motion to quash was rightly denied.

There were also a number of assignments of error to the rulings of the court on the admission of evidence at the trial, as also on the refusal of the court to direct an acquittal of the defendant at the close of the state's case.

The first, second, third, fourth, ninth, tenth and eleventh assignments of error have been covered and disposed of by what the court has already said upon the questions raised on the motion to quash the indictment. The fifth, sixth, seventh and eighth assignment only remain to be disposed of and the last three may be treated together.

On the cross-examination, the defendant's counsel asked: "Who is the vice-president of said American Wringer Company?" and "Who is the treasurer of the company?" Both of these questions were ruled out and an exception taken thereto, and an exception was also taken to the court using the following language before the jury in ruling out those questions, viz.: "Under the law, if this concern merely had a name and entrusted its goods to the hands of agents to sell, and then it employed this man (the defendant) to collect its money, and he embezzled it, the transaction would be complete; it makes no difference what the names of the directors are or where they live." Who the officers of this concern were was of no consequence; it was not material to know on the cross-examination of the state's witnesses, because, if it was proper to show who they were as a defence and that the money was paid by the defendant to either of the officers whose names were inquired about, it was a substantive matter of defence and could have been proven by the defendant him-

self and he could have testified that he had paid the money to the vice-president or treasurer of the company and state the facts. The cross-examination was on an immaterial matter, and its admission was within the discretion of the court, and, if it was error, it was, so far as the record shows, entirely harmless to the defendant on the question of embezzlement. Convictions will not be reversed for such reasons. *Whitaker, Receiver, v. Miller,* 34 *Vroom* 587.

On another theory we think the statement of the trial judge excepted to was unobjectionable, if not an accurate, statement of the law. A defendant on trial for embezzling the funds of a company for which he has been acting as agent and to which he has been returning funds collected for it, upon the forms provided for him by it, and from which he has been receiving a salary and a commission on his collections, and receipting for such salary and commission as received, will not be permitted, when charged with embezzlement of its funds, to say, "It is true, I took the money as you say, but you are not the company," and to call in question its organization or existence. By his own agreement he recognizes the company, and his agency of it, and he will not be permitted to claim immunity by simply asserting that it does not exist.

One who receives money or other thing of value in the assumed exercise of authority as an agent for another, is estopped to deny such authority in a criminal as well as civil action. 2 *Bish. Cr. L.,* § 364; *People* v. *Hawkins,* 106 *Mich.* 479; *State* v. *Pohlmeyer,* 52 *N. E. Rep.* 1027.

If the defendant could have proven that the company did not exist, and that the moneys he had not paid over to it were the moneys of another, lawfully entitled to receive them and that he had duly accounted for them to the rightful owner thereof, that would be another question, but that is a defence and the defendant must prove it. Nothing of that character was shown or attempted to be shown in this case.

The only remaining assignment of error is as follows: "Fifth, because the evidence for the state showed that defendant had the right given by said corporation to collect and receive said money, and said indictment does not allege

and no proof was made that any demand was made upon the defendant for any sums of money charged to have been taken by him."

This assignment is undoubtedly grounded upon what this court said on the subject of a demand in *Fitzgerald* v. *State, 21 Vroom* 475. That case has given some misapprehension as to the law on this subject, although a careful reading of it seems to leave it free from any uncertainty.

That case does not hold that it is necessary in all cases where money comes lawfully into the hands of an agent or other person within the statute, to make demand before criminal proceedings can be instituted. All that was held there was that the mere neglect to pay over will not justify a conviction for fraudulent conversion where funds have come lawfully into the hands of the defendant. A demand is only one class of evidence for proving fraudulent conversion. Other classes are—(1) where, by statute, a public officer is required to pay over funds at a definite time, and fails to do so, and there is proof that he has not done so, and that he has applied the same to his own use, that is evidence from which a jury may find a fraudulent conversion, even without a demand; or (2), where, by the rules and regulations or agreement under which the defendant is employed and to which he is required to conform, a time is definitely fixed for him to account for moneys received, and it appears that he has lawfully received moneys of his employer, but has not paid over the same in accordance with such rules, regulations or agreement, but has converted the same to his own use, this is also evidence from which the jury may find that there was a fraudulent conversion of such funds without formal demand; or (3), where it appears by the evidence that the embezzler has fled after the alleged embezzlement, and that his acts and conduct were of such a character in connection with his flight as to indicate that his intent was to fraudulently take or convert the funds which he retained, there the jury may also find from such facts a fraudulent conversion even without a demand.

In all cases not coming within any of the classes above

mentioned, but which are of an uncertain or general or special agency, where the time for the return of the funds collected is indefinite or not fixed or which is at the pleasure of the agent or servant, there a demand, or other evidence of a fraudulent intent to convert, may be necessary to put .the defendant in a position of having fraudulently converted the money to his own use.

It should be said, however, that a demand and refusal does not of itself, in any case, establish fraudulent conversion, or conversion by a defendant to his own use, but that it is only evidence to go to the jury upon the question of the defendant's fraudulent conversion.

The court has not overlooked, in this review of the law, the principle stated in this court in the case of *State* v. *Temple,* 34 *Vroom* 375, that in embezzlement cases, "intent to convert money is an essential element in the state's case." We are simply holding here what we presume the court intended there, viz., that proof of fraudulent conversion of the money being found by the jury to exist beyond a reasonable doubt, that that fact carries with it the intent to convert which the court referred to in that case as the essential element of the crime. The cases in this state heretofore construing the section of the Crimes act now under consideration, and here followed and applied, are *Fitzgerald* v. *State,* 21 *Id.* 475; *Burnett* v. *State,* 31 *Id.* 255; *State* v. *Temple.* 34 *Id.* 375.

The court finds no error in the record in this case and the judgment is affirmed.