GEORGE CHRISTENSEN v. JOHN LAMBERT.

Argued June 5, 1901—Decided July 6, 1901.

1. A rule to show cause would be futile in a case in which it is evident that, on the return of the rule, a second verdict would not be set aside.

2. Improper remarks by counsel in addressing a jury may be cause for setting aside a verdict; but where it appears that, at the time they were made, the counsel was rebuked by the court and withdrew the same in the presence of the jury, and that the court, in its charge, cautioned the jury with respect thereto, they are not a ground for reversal.

3. This is clearly the case where, from the fairness of the verdict, it is evident that the remarks were harmless and the jury not prejudiced thereby.

On application for a rule to show cause why a new trial should not be granted.

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the rule, *Craig A. Marsh.*

*Contra, Patrick H. Gilhooly.*

The opinion of the court was delivered by

FORT, J. This is an application for a rule to show ·cause why a new trial should not be granted, made at bar, after the refusal to grant the same by the justice at Circuit.

This is the second trial. A previous verdict for a much larger amount was set aside by this court. *Christensen* v. *Lambert,* 47 *Atl. Rep.* 1132.

The application is put upon two grounds. First, that the verdict is against the weight of the evidence. The evidence in this case now before the court is about the same as that before this court and determined in the case above referred to, the only addition being the testimony claimed upon the previous rule to be newly-discovered evidence.

There is evidence upon which the verdict of the jury in this case can be sustained. There are, it is true, questions of the credibility of witnesses, but these were peculiarly within the province of the jury.

A rule to show cause would be futile in a case where it is evident that, on the return of the rule, a second verdict would not be set aside. *Demarest* v. *Little,* 18 *Vroom* 28, 33.

The damages awarded in this case are not claimed to be excessive if the plaintiff was entitled to recover.

The other ground urged is that the counsel of the plaintiff, in addressing the jury, made improper remarks touching the financial standing of the defendant.

The court has gone carefully over the observations of counsel objected to, as they appear in the stenographic notes, and has considered the statement of defendant's counsel as to the

other remarks alleged to have been made and not embraced therein.

It appears that at the time the statements were made the counsel of the defendant objected thereto, and the court, in the presence of the jury, cautioned the plaintiff's attorney against the same, and stated they were entirely improper. Thereupon plaintiff's counsel apologized for having made them. In the charge the court also told the jury that questions of the financial standing of the plaintiff and defendant were not to be considered by them in reaching their verdict.

In that condition of the record, no cause for reversal appears. *West Chicago Street Railway Co.* v. *Annis,* 165 *Ill.* 475; *Golder* v. *Lund,* 70 *N. W. Rep.* 379; *Wenzel* v. *Johnston, Id.* 549; *Gulf Coast and San Francisco Railway Co.* v. *Johnson,* 19 *S. W. Rep.* 151; *Grace* v. *McArthur,* 45 *N. W. Rep.* 518; 1 *Thomp. Trials,* § 962 (2).

The fairness of the verdict also indicates that such observations were entirely harmless, under the caution and instruction of the court.

Harmless error is not ground for reversal. *Whitaker* v. *Miller,* 34 *Vroom* 587; *Johnston* v. *New York and Long Branch Railroad Co.,* 36 *Id.* 421.

The reasonableness of the verdict also removes any argument that the observations of counsel in any way prejudiced the jury.

The rule is refused.