THE SUBURBAN LAND AND IMPROVEMENT COMPANY
AND THE REAL ESTATE ASSOCIATES, PROSECUTORS,
v. THE MAYOR AND COMMON COUNCIL OF THE BOR-
OUGH OF VAILSBURG.

Argued November 11, 1901—Decided February 24, 1902.

The court will not interfere with the action of a municipal corpora-
tion in a matter which is committed to its discretion, so long as
it acts honestly and within the limits of its power.

On *certiorari.*

Before Justices VAN SYCKEL, FORT and GARRETSON.

For the prosecutors, *Elwood C. Harris.*

For the defendant, *Herbert Boggs* and *J. Randolph Wood-
ruff.*

The opinion of the court was delivered by

GARRETSON, J. The corporate authorities of Vailsburg
passed "An ordinance to provide for the construction and
laying of an artificial stone sidewalk on both sides of South
Orange avenue, within the corporate limits of the borough
of Vailsburg, from the line of the city of Newark to the line
of the village of South Orange, where an artificial stone side-
walk has not been previously laid on said South Orange ave-
nue." The ordinance provides for a sidewalk five feet wide
and twelve inches thick at the grade established for the side-
walk by the curb as set, and the outer edge of the sidewalk
to be five feet from the curb, and before the sidewalk is laid
the ground appropriated for sidewalk purposes shall be graded
to its full width. By the ordinance, the sidewalk is to be laid
at the cost of the owners of the land in front of which the
same is laid, and the owners are permitted to do the work, if
done within thirty days, else to be done by the corporation.

The power to pass this ordinance is derived from the third subdivision of the thirty-third section of "A general act relating to boroughs" [Revision of 1897] (*Pamph. L., p.* 285), which is: "The council shall have power and authority, by general or special ordinance to provide for constructing, relaying, repairing and keeping in repair the sidewalks of any and all streets, roads or public places in the borough, at the cost and expense of the owner or owners of the lands in front of which the same may be so constructed, relaid or repaired."

The provisions of the ordinance were within the power of the council to pass, and the law was complied with in all respects as to the manner of its passage.

In the year 1895, and previous to the passage of the ordinance, a sidewalk had been laid on South Orange avenue, in front of the property of the prosecutors, by the property owners, consisting of four-foot flagging, one and one-fourth inches thick, with flags of an average width of two feet nine inches. The ground was graded and the flags laid on the ground, not with cement, so as to prevent the weeds from coming between the joints. A few of the flags had become broken, and grass and weeds grew up between the stones. The flags are laid at varying distances from the curbstone. South Orange avenue is the main street of the borough, and is eighty feet wide and has much travel upon it; and the engineer of the prosecutors testifies that it is not a permanent sidewalk.

The law imposes upon the council the duty of saying when sidewalks shall be constructed, relaid or repaired, and when, as in this case, it appears from the evidence that their discretion has been exercised in a reasonable and proper manner, the court has no power to interfere. *Ryan* v. *Paterson,* 37 *Vroom* 533; *Van Reipen* v. *Jersey City,* 29 *Id.* 262; *Ferguson* v. *Passaic,* 31 *Id.* 404; *Oakley* v. *Atlantic City,* 34 *Id.* 127. In the last case cited the court held that "in the absence of fraud or palpable abuse of discretion on the part of the municipal authorities in the exercise of power granted by the legislature, the only question for judicial cognizance is whether there has been any violation of legal principles or

neglect of prescribed formalities in entering into the engagement which is the subject of controversy."

The ordinance is affirmed, with costs.