MIDDLE VALLEY TRAP ROCK AND MINING COMPANY ET AL., PROSECUTORS, v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MORRIS ET AL.

Argued December 1, 1903—Decided February 23, 1904.

1. The court will not interfere with the action of the board of freeholders in awarding a contract, in the absence of proofs to justify the conclusion that a contract is not an advantageous one, or that in awarding it the board acted fraudulently or in palpable abuse of the discretion invested in it under the authority to award the contract.
2. There is no law requiring the board of freeholders to award a contract such as the one in question to the lowest bidder.

---

On *certiorari.*

Before Justices FORT, GARRETSON and PITNEY.

For the prosecutors, *Vreeland, King, Wilson & Lindabury.*

For the freeholders, *George G. Runyon* and *George T. Werts.*

For F. W. Schmidt, *Edward A. Quayle.*

PER CURIAM.

In this case we are unable to find any cause for vacating the action of the chosen freeholders of Morris county in awarding the contract brought up to the defendant F. W. Schmidt. There is nothing in the proofs to justify the con clusion that the contract is not an advantageous one to the county or that in awarding it the freeholders acted fraudulently or in palpable abuse of the discretion invested in them under their authority to award the contract in question. *Ryan v. Paterson,* 37 *Vroom* 533; *Suburban Land Company v. Vailsburg,* 38 *Id.* 461; *Oakley v. Atlantic City,* 34 *Id.* 127.

There were many reasons assigned for setting the action of the freeholders aside, but they relate, largely, to the preliminary proceedings leading up to the award, and are chiefly technical and are without substance. One of the reasons relied upon alleged that the award of the contract was not made to the lowest bidder. This may possibly be so, but the answer to it lies in the fact that there is no law requiring the freeholders to award such a contract as this to the lowest bidder. It is not clear, however, that, taken as a whole, the contract of the defendant is not, because of its provisions as to the delivery of the stone, the lowest in actual cost to the county. There was no illegality in the procedure, and the award of the contract, being the evident expression of the honest discretion of the freeholders, is affirmed, with costs.