MARTIN MURRAY ET AL., PROSECUTORS, v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF BAYONNE ET AL.

Argued February 20, 1906—Decided February 26, 1906.

Where there is no requirement in the charter of a municipal corporation or any general law requiring that contracts for street paving shall be let to the lowest bidder only, the municipal body, in awarding contracts, has a large measure of discretion, and in the absence of fraud or the palpable abuse of such discretion the courts will not set aside its action.

On application for *certiorari*.

Before Justices FORT, PITNEY and REED.

For the application, *McCarter, Williamson & McCarter.*

*Contra, Collins & Corbin.*

The opinion of the court was delivered by

FORT, J. In this case we think the writ should not issue. There are no allegations of fraud or corruption in the action of the municipal authorities in awarding the contract sought to be brought up, that it and the proceedings awarding it may be set aside.

There is no requirement in the charter of the defendant, or any general law to which our attention has been called, requiring that contracts for street paving in Bayonne shall be let to the lowest bidder only.

Under such circumstances, in awarding contracts, the municipal body has a large measure of discretion, and in the absence of fraud or the palpable abuse of such discretion on the part of the municipal authorities, the courts will not set aside their action. In reviewing such action the court will only inquire into the good faith and honesty of the exercise of discretion. *Ryan* v. *Paterson,* 37 *Vroom* 533; *Coward* v. *Bayonne,* 38 *Id.* 470, 476; *Kraft* v. *Board of Education, Id.* 512.

In this case bids were invited for paving of Avenue C, in Bayonne, with asphalt paving upon a concrete foundation, &c. Several bids were received.

The bids were for various kinds of asphalt. The total cost of the work exceeds $40,000. The proposal accepted was for Trinidad asphalt, recognized as standard and as good as the best. There was a bid for Solidad asphalt which was about $225 lower, on the whole contract, than the bid accepted. Solidad asphalt was little known, and but a single reference was given to the defendants as to its durability and use. The council or its committee seem to have directed that some inquiry should be made as to this kind of asphalt, but while it was being made, and before the officer directed to make it had reported, took up the question of the contract and let it to the parties who had proposed to do the work with the Trinidad material.

There is nothing in the proofs to impeach the honesty and good faith of the action of the council, nor can we say that there was any palpable abuse of discretion. It may be that they thought that the Trinidad asphalt was known and to be relied upon, while the Solidad was uncertain at best.

The writ is denied.