### PEOPLE v. MEAD.

(Supreme Court, Appellate Division, Fourth Department. March 4, 1908.)

INDICTMENT AND INFORMATION—SUFFICIENCY—STATUTORY PROVISIONS.

An indictment for larceny from an insurance association, designated by its name, but not alleged to be a corporation or otherwise described, is sufficient, under Code Cr. Proc. §§ 283, 284, providing that an indictment is good if it informs defendant of the nature of the accusation.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Indictment and Information, § 277.]

Appeal from Trial Term, Ontario County.

Herbert C. Mead was indicted for grand larceny. From a judgment sustaining a demurrer to, and dismissing, the indictment, the people appeal. Reversed.

Such indictment was found by the grand jury of Ontario county on the 9th day of May, 1907. It was alleged therein, in substance, that the defendant,

with intent wrongfully, unlawfully, and feloniously to deprive and defraud the People's Mutual Life Insurance Association & League of the sum of $738.67, then and there belonging to such life insurance association, appropriated the same to his own use, and did then and there feloniously steal, take, and carry away the money and property belonging to such life insurance association. Practically the only ground of the demurrer which is insisted upon or argued upon this appeal is that the indictment does not allege the corporate character, or otherwise describe the person or entity from whom the money was stolen, except by name. This feature of the demurrer, as I understand it, presents the whole question involved upon this appeal.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Myron D. Short, Dist. Atty., for the People.
E. A. Griffith, for respondent.

McLENNAN, P. J. As we have seen, the indictment, among other things, charges that the defendant, having in his possession, custody, and control as agent for "the People's Mutual Life Insurance Association & League the sum of $738.67, then and there belonging to the People's Mutual Life Insurance Association & League, and with intent wrongfully, unlawfully, and feloniously to deprive and defraud the People's Mutual Life Insurance Association & League of the same and to appropriate the same to his use, did then and there feloniously and unlawfully appropriate and steal the same." I do not understand that in any case upon indictment for larceny it is necessary to allege the corporate or other existence of the true owner. The only case where such allegation in the indictment has been considered necessary is where it was necessary in order to show that the defendant had not been stealing or misappropriating property which belonged to himself. Such allegation was never deemed necessary when it appeared that the defendant was charged with stealing and appropriating property belonging to another, and which did not belong to himself.

The crime of larceny consists of two essential elements: First, the misappropriation; and, second, the accompanying intent. Evidence of ownership is therefore admissible, even necessary, in proving the misappropriation, since one may not usually wrongfully appropriate his own property. But it is as much a crime to steal one person's property as another. The ownership of the property is not an essential ingredient of the crime, so long as it appears that the title to the same is not in the accused. We think the crime is complete when it appears that the property feloniously taken or appropriated was not the property of the accused, and this fully appears by the indictment in question. It is not necessary to show that the defendant knew whose property he was taking, so long as it is alleged that he knew it was not his own. Under sections 283 and 284 of the Code of Criminal Procedure an indictment is now good if it contains sufficient averment to inform the defendant of the nature of the accusation against him and enables him to prepare his defense, and when the record may be admitted as a bar to a second prosecution of the same offense.

In the case at bar it seems to me there can be no question as to the applicability of these provisions of the Code. The defendant was plainly and concededly charged with having misappropriated and stolen the money belonging to the People's Mutual Life Insurance Association & League. The amount which he had appropriated was alleged. The circumstances under which he misappropriated the same were alleged. We think it is not of consequence to him whether or not the person or entity from which he stole was an individual, a corporation, joint-stock association, copartnership, or other entity authorized by the laws of this state to carry on business under its laws. In other words, we hold that an indictment which charges a defendant with stealing from and misappropriating money belonging to another, concededly not his own, is a good indictment, and that it is not essential to allege the character of the person, corporation, or entity from which he so stole it, or whose money he so misappropriated, provided, always, that it is alleged that it was not his own. The judgment and order appealed from should be reversed.

Judgment reversed, demurrer overruled, and proceeding remitted to the clerk of Ontario county, pursuant to section 547 of the Code of Criminal Procedure, in order that the defendant may plead to the indictment. All concur.