## WILLIAM B. VAN HORN v. BOARD OF FREEHOLDERS OF MERCER COUNTY.

Argued February 26, 1912—Decided June 13, 1912.

Where a resolution of the board of freeholders abolishing a position is adopted in the exercise of a *bona fide* effort to economize in the interest of the public weal, and not as a subterfuge to make place for another, the passage of the resolution is within the discretion of the board, and the incumbent of the place is not protected from incidental removal by the provisions of the Civil Service act.

On *certiorari* removing resolution of board of freeholders of Mercer county.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Linton Satterthwait.*

For the defendant, *Samuel C. Kulp.*

The opinion of the court was delivered by

MINTURN, J. The board of freeholders of Mercer county, on January 2d, 1912, passed a resolution intended to abolish the office of custodian of the county court house, and the prosecutor, who was the incumbent, contests the legality of the resolution on this writ.

It is not denied that the board possesses this power, provided the Civil Service act does not intervene to protect the incumbent and provided the abolition of the place be accomplished in good faith and not as a subterfuge for the employment of another.

The prosecutor was appointed as jailer of the court house on May 10th, 1908, and continued thereafter to act as warden of the jail and custodian of the court house during the intervening years by resolution of the board of freeholders duly passed for that purpose. But after 1907 he performed the

duties of warden under his appointment as custodian of the court house. In pursuance of a resolution of the freeholders, the prosecutor surrendered the keys and property of the jail, which he held as warden, to John D'Arcy, who was appointed warden of the jail by the sheriff. Thereafter, at a meeting of the freeholders on January 2d, 1912, a resolution was passed abolishing the office of custodian of the court house, the preamble of which resolution recited the appointment of D'Arcy as warden, and the resulting fact that such appointment left the custodian of the court house without any duties to perform.

If we were convinced that this resolution was inspired by a desire to expel the prosecutor and place another in his stead, rather than as contended by the defendant, the recorded desire of the freeholders to economize in the public interest, we would have no difficulty under our adjudications in reaching the conclusion that the resolution was invalid. *McChesney v. Trenton*, 21 *Vroom* 338; *Sutherland* v. *Jersey City*, 32 *Id.* 493.

But, our reading of the record here has not satisfied us that such is the purpose of the freeholders, and consequently the resolution in question must be viewed as an exercise of the legitimate power and discretion of the board, exercised in a *bona fide* manner, for the public weal, and as such is clearly not assailable or subject to judicial review. 1 *Abb. Mun. Corp.* 802; *Ryan* v. *Paterson*, 37 *Vroom* 533.

It remains only to consider the effect of the adoption of the Civil Service act upon the prosecutor's position. His contention is that he is protected by that act from removal even if the removal be a *bona fide* attempt upon the part of the freeholders to reduce the public burdens by abolishing the office. But the contrary is the law, as settled by the adjudications of this court. *Sutherland* v. *Jersey City, supra; Evans* v. *Freeholders*, 24 *Vroom* 585.

In the recent case of *Paddock* v. *Hudson Tax Board*, 53 *Vroom* 360, this court held that even though the relator was in the paid service of the state and within the protection of

the Civil Service act, "it did not preclude the board of taxation from abolishing the clerkship and dismissing the relator when done in good faith and for the purpose of economy."

The resolution in question will, therefore, be affirmed.