WILLIAM J. McCLOUD ET AL., DEFENDANTS IN ERROR, v. ILLINOIS SURETY COMPANY, PLAINTIFF IN ERROR.

Argued March 11, 1912—Decided June 20, 1912.

1. In a suit upon a bond for the faithful performance of a contract, where a provision of the bond required that within a stipulated time notice should be sent by registered letter to the obligor of any default upon the part of the principal, and it appeared in evidence that such a letter was sent, and was received by the surety company—*Held*, that in the absence of proof to the contrary, it would be presumed that the transmission of the letter was by the method prescribed in the contract.

2. A question of law not specifically presented to the trial court and not fairly within the scope of an exception taken, does not present a ground for reversal in this court.

On error to the Union Circuit Court.

For the plaintiff in error, *Edwards & Smith*.

For the defendants in error, *Lindabury, Depue & Faulks*.

The opinion of the court was delivered by

MINTURN, J.  Having secured a contract from the city of Newark for the construction of a municipal sewer in the city, the plaintiffs subcontracted with Ellis & Co. for the furnishing and installation of a pumping apparatus required under the specifications accompanying the original contract. As security for the fulfillment of the subcontract, Ellis & Co. furnished a bond to the plaintiffs with the defendant as surety.  The bond contained this provision:

"*First*. That the said surety shall be notified in writing of any act, omission or default on the part of said principal, or its agents, or employes, which may involve a claim or loss, for which the said surety is or may be responsible hereunder, within ten days after the occurrence of such act, omission or default shall have come to the knowledge of the owner or his, its or their agents, officers or representatives,

said notification must be given by a *United States post-office registered letter mailed to the said surety at its principal office in Chicago, Illinois.*"

Ellis & Co., having failed to perform their contract, the plaintiffs instituted this suit to recover damages by reason of the default, and obtained judgment.

It is proved, and is unquestioned, that Ellis & Co. defaulted, and that the notice in writing required by the above condition contained in the bond was given within time by plaintiffs to defendant by mailing a letter directed to defendant's principal office in Chicago, as prescribed in the bond, and that the letter in due course was received by defendant.

The defence upon this point, however, is based upon the insistence that since the condition of the bond required the mailing of a registered letter to the defendant, the information required to be transmitted by said provision could not be sent by any other method.

It is a sufficient answer to this contention to say that the record is silent as to the method of transmission, while the fact is indubitable that the notice was received by defendant through the mail.

No objection was made at the trial to the admission of the letter in evidence, upon that or any other ground, and we, in this forum, are thus free to assume that the requirements of the bond in that respect were complied with. *West Shore Railroad* v. *Wenner*, 41 *Vroom* 233.

This disposition of the defendant's contention renders it unnecessary to discuss the questions argued in the briefs as to the legal effect of a failure by the obligee to comply with this requirement of a bond. The question was not mooted on the motion to nonsuit, or in any manner by motion or exception called to the trial court's attention until both sides had rested, and the case was ripe for submission to the jury.

The request for a direction was "that the required notice had not been given to the surety company," and the trial court in refusing the direction properly left it to the jury to determine whether the registered notice had been

given.   If there were a defect in the notice, or in the man-
ner of its transmission, and this defect was uppermost in
counsel's mind as the basis for the motion, he in nowise
specifically called the trial court's attention to his insistence,
and, unless that be done in the court of first instance, the
question cannot be debated and considered here, under the
well settled practice of this court.   *Maguth* v. *Freeholders,*
43 *Vroom* 226; *Van Alstyne* v. *Franklin Council,* 40 *Id.*
672.

The final objection to this judgment is directed to the ad-
mission in evidence of a resolution adopted by the street
and water commissioners of the city of Newark, which was
transmitted to the plaintiffs and received by them.   The
resolution was objected to by defendant as immaterial.   It
may well be said, in view of the requirement of our prac-
tice, already referred to, that such an objection is of too
generic a character to direct the attention of the trial court
to the specific point in the mind of the counsel as the basis
for this action.   The resolution unquestionably concerned
the very matter in controversy between all the contracting
parties.   Its materiality consisted in the fact that it was
indicative of a complaint entertained by the city with the
manner in which Ellis & Co. were doing and had failed to
do the work which they had contracted with the plaintiffs to
perform.   It recited this complaint in its preamble, and its
resolution contained a direction to the clerk of the board
substantially to notify the plaintiffs of the default of Ellis
& Co., and of the intention of the city to complete the
work, and hold the contractor for all loss or damage inci-
dent to its completion.

In another aspect the introduction of the resolution was
entirely harmless to defendant, in view of the fact that the
city engineer later in the case was allowed to read *verbatim,*
without objection, the same resolution from the official min-
ute books of the board of street and water commissioners.
The objection to the original resolution itself was thus ren-
dered immaterial, and its existence on the record, therefore,

could in nowise prejudice the defendant's case.  *Whitaker* v. *Miller,* 34 *Vroom* 587.

Finding no error in the record, the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ.   15.

*For reversal*—None.