But, if they act in two courts the law is satisfied, if they be sworn in either.

It is our opinion that a deputy clerk may exercise, in the juvenile court, all of the powers granted to the clerk of the district court as fully and to the same extent as the law authorizes him so to do in the district court. Moreover, counsel did not object to the sufficiency of the affidavit in limine. If there be a defect, it relates to form only, and no injury was suffered thereby. In State v. Bennett, 136 La. 334, 67 So. 22, we said:

"It is too late, after a defendant has been tried and convicted on a specific criminal charge, to make the objection that the affidavit upon which the prosecution was based was not made at the time that it was signed."

We also quote from 16 C. J. p. 296, the following:

"Accused, by failing to object on his preliminary examination to the sufficiency of the affidavit or complaint, and by pleading 'not guilty,' waives mere defects and cannot object to the jurisdiction of the court to which he is remanded."

We find nothing in the record suggestive of prejudicial error, and the judgment and sentence of the juvenile court are affirmed.

---

(111 So. 258)

No. 26329.

## CARTER v. DIXON et al.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Principal and surety** &#9910;155—**Suretyship; petition, in action on surety bond, need allege only such facts as would justify court in concluding that acts for which surety was responsible were committed.**

Petition, in action against surety on fidelity bond covering loss occasioned by acts of larceny or embezzlement on part of employee, need allege only such facts as would justify court in reaching conclusion that larceny or embezzlement had been committed.

2. **Principal and surety** &#9910;155—**Suretyship; petition, in action against surety on bond for reimbursement for loss caused by larceny or embezzlement, held sufficient.**

Petition, alleging that D., who was general manager in charge of plaintiff's property, absconded without accounting to plaintiff, and left behind him apparent shortage of over $8,000, in action against surety on bond guaranteeing to reimburse plaintiff for pecuniary loss caused by acts of larceny or embezzlement on D.'s part, *held* to disclose cause of action.

Appeal from Twenty-Sixth Judicial District Court, Parish of Washington; Magee W. Ott, Judge ad hoc.

Action by Otto P. Carter, receiver of the Co-operative Stores, Inc., against George Edward Dixon and the United States Fidelity & Guaranty Company. The second-named defendant filed an exception of no cause of action, which was sustained, and plaintiff appeals. Reversed and remanded.

B. D. Talley, of Boyalusa, for appellant.

Spearing & Mabry, of New Orleans, for appellee U. S. Fidelity & Guaranty Co.

ST. PAUL, J. Plaintiff sues as the duly qualified receiver of the Co-operative Stores, Inc.

He alleges, in substance, that George Edward Dixon was the general manager of said corporation, and had complete charge of its property and money; that said Dixon absconded without accounting to the corporation; that, upon taking charge as receiver, he caused the books of said corporation to be examined by a duly qualified public accountant; that the result of said examination (which he annexes) showed an apparent shortage on the part of said Dixon of at least $8,738.35; and he charges that said Dixon stole and embezzled said sum out of the property and funds of said corporation.

He further alleges that the United States Fidelity & Guaranty Company issued to the

corporation a fidelity bond guaranteeing to reimburse said corporation, up to the sum of $3,000, for any pecuniary loss occasioned by any act or acts of larceny or embezzlement on the part of said Dixon in the performance of his duties as general manager of said corporation, and that said embezzlement occurred whilst said fidelity bond was in force.

Wherefore plaintiff prays for judgment against said Dixon and said United States Fidelity & Guaranty Company, in solido, for the full sum of $3,000.

## I.

To this petition the United States Fidelity & Guaranty Company filed an exception of no cause of action, which exception was sustained by the trial judge, and plaintiff appeals.

## II.

In its brief the United States Fidelity & Guaranty Company says:

"The exception of no cause of action, and doubtless the judgment of the district court, are founded upon the principle, if not the fact, that the petition does not allege any act or acts of larceny or embezzlement, but the pleader merely contents himself with alleging the conclusion that larceny or embezzlement has been committed. We contend however, that it is necessary for the petition to allege such acts or facts as would justify the court in reaching the conclusion that larceny or embezzlement had been committed. In other words, neither larceny nor embezzlement is a fact; it is a conclusion from facts."

## III.

[1] In Union National Bank v. United States Fidelity & Guaranty Co., 143 La. 329, 78 So. 582, this court said that the petition in an action against the surety on a fidelity bond need not be phrased in the technical language which would have been used in an indictment or information charging embezzlement or larceny. And we think it suffices in such a petition to allege such facts as would justify the court in reaching the conclusion that larceny or embezzlement had been committed.

## IV.

[2] As we have said, the petition alleges that Dixon, as general manager, had complete charge of the corporation's property and money; that he absconded without accounting to the corporation; and that he left behind him an apparent shortage of over $8,000.

We think that the facts alleged suffice for a court to infer therefrom that Dixon embezzled the property and money of the corporation to the extent of said shortage; for the inference that a person has embezzled property or money by unlawfully converting it to his own use may well be drawn from the fact that he has not paid the price in due course to the owner, or that he has not accounted for the money which he has received. O'Brien v. United States, 27 App. D. C. 263. This is especially true where the alleged embezzler has fled after the alleged embezzlement. State v. Reynolds, 65 N. J. Law, 424, 47 A. 644.

Our conclusion is that the petition discloses a cause of action. And whether or not plaintiff will succeed in his proof is a matter which appertains to the merits only.

### Decree.

The judgment appealed from is therefore reversed, and the case is now remanded to the court below for further proceedings according to law; the appellee, United States Fidelity & Guaranty Company to pay the costs of this appeal, and all other costs to await the final result.