### GOVERNMENT OF THE VIRGIN ISLANDS
v.
### LOUIS BROOKS
No. 3050-1963
Municipal Court of St. Thomas and St. John

May 20, 1964

CLARICE BRYAN, Assistant Attorney General, *for Government of the Virgin Islands*

CROXTON WILLIAMS, *for defendant*

MICHAEL, *Municipal Judge*

In this case the defendant is charged with embezzlement. The complaint reads as follows:

"That on or about November 29, 1963, being an agent of Virgin Islands Upholstery, a private business entity, entrusted with the receipt and safe keeping of monies received on behalf of said firm, did wilfully and fraudulently appropriate, to a use and purpose not in due and lawful execution of his trust, the sum of Seventy-five Dollars ($75.00), received from Mrs. Berecia Lewis, for the account of Virgin Islands Upholstery, which said money had been entrusted to his possession and placed under his control by virtue of his employment. This complaint is based on information received from Mr. Gaston Benjamin and verified by personal investigation."

The statute under which the defendant is charged, reads as follows:

"Whoever, being a clerk, agent, or servant of any person, fraudulently appropriates to his own use, or secretes with a fraudulent intent to appropriate to his own use, any property of another which has come into his control or care by virtue of his employment as such clerk, agent or servant, is guilty of embezzlement." 14 V.I.C. § 1093.

Reduced to essentials, the first question which arises is, whether defendant was an employee or agent of the Virgin Islands Upholstery.

The Virgin Islands Upholstery, as the evidence shows, is the trade name of the business operated and owned by Mrs. Olga Benjamin, registered with the Virgin Islands Government as such. Therefore, it is clear that the Virgin Islands Upholstery, with Mrs. Olga Benjamin as owner, was the employer of the defendant. The defendant admits that he was an employee of Mrs. Benjamin. (See also Mun. Ct. Civ. No. 11-1964, p. 3 of this volume.)

■ The variance between the allegation and the proof; that is, whether the money alleged to have been embezzled

6

was owned by the Virgin Islands Upholstery or Mrs. Olga Benjamin, if it may be called such, is immaterial, as the defendant was not misled in making his defense nor would it subject him to double jeopardy. 29 C.J.S. § 37, p. 728; Burke v. United States, 58 F.2d 739; People v. Wiezel, 104 P.2d 70; People v. Talbot, 28 P.2d 1057.

The defendant argues that since the Virgin Islands Upholstery was not a corporation or legal entity capable of owning property, the complaint for embezzlement must fail.

■ Under the statute which the defendant is charged of violating, it is not necessary or essential to allege the character of the person, corporation or entity from which the property has been stolen or whose money he so misappropriated, provided always that it is alleged that it was not his own. People v. Mead, 125 App. Div. 7, 109 N.Y. Supp. 163, 22 N.Y. Crim. Rep. 225, 88 A.L.R. 489. The complaint states that the money was received for the account of the Virgin Islands Upholstery. It was not received for Mrs. Benjamin in any other capacity than for the account of the Virgin Islands Upholstery, at which place the defendant was employed.

It is true that in those jurisdictions where it is necessary to prove that the owner is incorporated, that the requirement may be answered by proof that the owner is a corporation de facto. 18 Am. Jur. § 45, p. 601. Or, that if it is necessary to allege ownership in a legal entity capable of holding property, it is necessary to prove it. Gibbs v. State, 74 A.L.R. 1105, 1108. But our statute does not so require.

It is also true that in some cases it has been held that in a prosecution for larceny or embezzlement, it is necessary to prove that the owner of the property, if not a natural person, is a corporation or other legal entity capable of owning property. 18 Am. Jur. § 45, p. 601. It has been held otherwise, however.

7

In the case of People v. Foss, 62 P.2d 373, it was held that the secretary who was merely the agent of a club, which was not a partnership or joint venture, was guilty of embezzlement when he fraudulently appropriated money belonging to it.

This is indicative that where the statute does not require that the owner of the property, if not a natural person, must be a corporation or other legal entity capable of owning property, it is not necessary to plead whether the owner of the property was a corporation or legal entity capable of owning property.

Commenting on ownership of property, it is stated in 18 Am. Jur. § 9, p. 575, which discusses statutes similar to ours, that "Many of the present day statutes in defining embezzlement require that the subject of the offense shall be the 'property of another' or employ words of similar import. Such words are construed to mean that any property other than that of the person charged, and not merely other than that of the employer or principal, may be the subject of embezzlement. The crime is against the state, and not against the owner of the property."

■ In this community, in recent years, a number of unincorporated businesses doing business under trade names, registered with the Government and paying taxes under said names, have sprung up. Can it be said that employees of these businesses who appropriate funds received by them for account of said businesses to their own use, deposits though they be for future services, may not be prosecuted for embezzlement? To say that they cannot, this court would be setting a bad precedent.

In State v. Reynolds, 65 N.J.L. 424, 47 Atl. 644, the court said:

"A defendant on trial for embezzling the funds of a company for which he was acting as agent and to which he has been returning funds collected for it, upon the forms provided for him by it, and from which he has been receiving a salary and a commission

as received, will not be permitted, when charged with embezzlement of its funds, to say, 'It is true, I took the money as you say, but you are not the company,' and to call in question its organization or existence. By his own agreement he recognizes the company, and his agency of it; and he will not be permitted to claim immunity by simply asserting that it does not exist. One who receives money or other thing of value in the *assumed* exercise of authority as an agent for another is estopped to deny such authority in a criminal as well as civil action." Italics by this court.

From all of the above, it is quite clear that the defendant was an employee or agent of the Virgin Islands Upholstery (Mrs. Olga Benjamin the owner), and of which the defendant claims in his defense he was promised a lease.

The second question is, whether defendant received the amount alleged to have been embezzled was received by virtue of his employment. The evidence shows it was. He was an employee or agent of the Virgin Islands Upholstery, as shown above. He was not working there on his own account, even if it is conceded he was the manager, as the defendant claims he was.

In order for any business to thrive and function properly and be in a position to account to the government taxwise for money received on account of the said business, it is absolutely necessary that ALL monies received by any and all employees or agents be accounted for. Failing this, the business is bound to fail and the person responsible to the government for gross receipt taxes would be unable to make proper reports.

The defendant contends that the money received does not appear to be anything more than a deposit for future services.

Even if it were a deposit for future services, the deposit was for future services by, and the account of, the business, of which defendant was an employee, and not for the account of the defendant. As such employee, it made no difference whether he did part or all of the work.

9

Furthermore the deposit made in this case and received by the defendant was in keeping with the policy established by Mrs. Olga Benjamin for the business, and in the same status as other monies received by him for the business and which he turned over to Mrs. Benjamin.

Although defendant claims that he was promised a lease of the business, at the time he received the money alleged to have been embezzled, he was still an employee of the business. Moreover, no lease was ever consummated.

It would be a novel precedent for this court to establish that any employee of a business who has been promised a lease thereof, could, before the lease has been signed and the business turned over to him, begin to divert funds, received on account of said business while still an employee and receiving salary as such, to his own use and purpose, as this defendant has done.

■ Defendant further contends that the money was returned. While the evidence shows that the money was returned to Mrs. Lewis, the Virgin Islands Upholstery was entitled to receive it from the defendant after he had received it from Mrs. Lewis. It had a qualified title with right to possession. It is not necessary that the title of one whose property is embezzled be an absolute one. A qualified title with right to possession is sufficient. Drake v. State, 85 P.2d 984; Territory of Hawaii v. Yim, 39 Haw. 214.

■ It is well settled that intent to return the property wrongfully appropriated followed by an offer to return or an actual return of the same does not take away the criminal character of the conversion. 18 Am. Jur. § 26, p. 586. Notwithstanding, in the case at bar, when the defendant was requested to return the money, he did not have it, having theretofore undeniably appropriated it to his own use. The evidence shows it was repaid in two instalments.

The third question which arises is, whether the money

10

received on account of the business was fraudulently appropriated.

With respect to the intent which the defendant argues must be pleaded and proved, it should be noted that the section under which he is charged consists of two situations: First, fraudulently appropriating to his own use, and second, secreting with a fraudulent intent to appropriate to his own use.

When the defendant-employee received funds for work to be done by the Virgin Islands Upholstery (owned by Mrs. Benjamin) and appropriated it to his own use, as the evidence shows, he violated the first part of the section. THERE MUST BE A FRAUDULENT CONVERSION OR APPROPRIATION OF MONEY, as in this case, or a FRAUDULENT SECRETION with intent to convert or appropriate. 29 C.J.S. § 11, p. 681.

With respect to the contention of the defendant that he was not the agent of Mrs. Benjamin or the Virgin Islands Upholstery, in view of Mrs. Benjamin's testimony that he was told at the beginning not to collect money, but to send the customers to her, and quoting in his memorandum of law the first sentence of 18 Am. Jur. § 16, p. 579, as authority for such a view, it is clear that a reading of the following sentence weakens the application of such a contention to this case. The following sentence reads as follows: "*As a general rule*, (italics supplied) the courts will not rigidly inquire into the question as to whether the property appropriated was received within the authority of the appropriator where it appears that it was received by him because of his employment."

In this case, notwithstanding the defendant was told not to collect, on numerous previous occasions he collected deposits from customers and turned them over to Mrs. Benjamin. Therefore, the funds were received by him because of his employment.

11

Interpreting further our statute, it is stated in the above quoted section that "The phrase 'under his care' is held to cover property merely in the custody of the employee. Hence, under such a statute, it is immaterial whether possession of the property is received from a third person or from the master. In either case the property is under the care of the employee, and if he converts it, he is guilty of embezzlement."

Defendant also contends in his memorandum that there can be no embezzlement by the mere detention of money belonging to another without fraudulent intent to deprive that other of his property.

By the evidence in the case no other conclusion can be drawn from the defendant's action of appropriating to himself funds received on account of the business which he used for his own purpose.

Defendant admits receiving the money at a time when he was employed by Mrs. Benjamin, doing business under the name of the Virgin Islands Upholstery. In an action brought by the defendant against Mrs. Olga Benjamin and her husband, Gaston Benjamin, for wages and other damages, Mun. Ct. Civ. No. 11-1964, this court not only found he was employed at the time he is alleged to have received the money from Mrs. Lewis, but was entitled to the compensation sued for at $100.00 per week. Moreover, while a demand is not necessary except by statute, defendant admits that when he was asked for the money, the embezzlement of which he stands charged, he did not have it.

Further, defendant claims he was holding the money until the business was turned over to him. Is this very admission by defendant not clear proof that he fraudulently intended to appropriate the money received for account of the business to his own use? The motive which prompts an embezzlement is not a matter of defense. 18

12

Am. Jur. § 51, p. 606; State v. Pratt, 34 A.L.R. 189.

The charge of embezzlement against the defendant having been proved beyond a reasonable doubt, the court finds him guilty.